# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Lori Chavez-Deremer, *Secretary of Labor,*
*United States Department of Labor*

        Plaintiff,

v.

Clockwise Staffing Agency, LLC; Dalmas
Mokaya,

        Defendants.

Case No. 26-cv-779 (JMB/DJF)

**ORDER**

This matter is before the Court on Plaintiff Lori Chavez-Deremer's *Motion for an Order Requiring the United States Marshals Service to Effect Service of Summons, Complaint, and Notice of Appearance Upon Defendants* ("Motion") (ECF No. 5). Plaintiff ("Secretary") is the Secretary of Labor for the United States Department of Labor, and she is suing Defendants Clockwise Staffing Agency, LLC and Dalmas Mokaya for violations of Section 217 of the Fair Labor Standards Act of 1938. The Secretary states that she sent waivers of service to Defendants, but that she did not receive a response within 30 days. She further states that she sent waivers of service to Defendants' counsel, Steven E. Antolak, but he informed her that he no longer represented Defendants. The Secretary's counsel attempted to contact Defendants by phone and email to determine if they had secured new counsel, but neither her calls nor her emails were answered. The Secretary's Motion asks the Court to direct the United States Marshals Service to effect service on the Secretary's behalf in order to "ensure this action can proceed and the Secretary can enforce the FLSA." (*Id.* at 2.)

Federal Rule of Civil Procedure 4(c)(3) states, "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially

appointed by the court."[1]  This District's Local Rule 4.1 supplements Rule 4(c)(3) by clarifying that, "The United States Marshals Service is not required to serve civil process for litigants, except as required by the Federal Rules of Civil Procedure or by federal law, or as ordered by the court for good cause."  The Secretary seems to believe that the difficulties inherent in serving process on elusive defendants constitute good cause under Rule 4(c)(3) and Local Rule 4.1.  She is mistaken. Before 1983, the Marshals served process in all private civil actions in federal court.  Fed. R. Civ. P. 4(c), Legislative Statement – 1983 Amendment.  Congress changed this practice and created the procedures that exist today to relieve the Marshals Service of serving process as a matter of course, while leaving it available in very limited circumstances.  *See id.*; *see also Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 83-84 (3d Cir. 1987).  The legislative history and advisory committee notes make clear that Rule 4(c)(3) is intended to be an option of last resort when a "law enforcement presence appears to be necessary or advisable to keep the peace."  Fed. R. Civ. P. 4(c), advisory committee note to 1993 amendments; 128 Cong. Rec. 30,932 n.15, 30,936 (1982).  Unsurprisingly, the advisory committee notes to Local Rule 4.1 mirror this expectation: "An example of a situation in which a litigant could reasonably seek special appointment of a Deputy Marshal to make service is one in which an enforcement presence is required."  LR 4.1, advisory committee note to 1996 amendments.

Nothing in the Secretary's Motion suggests that a law enforcement presence is required. Furthermore, the Secretary has only attempted to secure executed waivers of service; she has not actually attempted to serve Defendants.  She also does not explain why she thinks the Marshals would have better luck than she has had in trying to find Defendants and serve them.  It is apparent that the Secretary and her counsel do not want to be burdened with the frustration that many plaintiffs experience when they try to serve process.  But there is no basis either in the text of the

---

[1] The Rule also states that service by Marshal is required if the plaintiff is proceeding *in*

rules, case law, or the legislative history to suggest that the Secretary is owed special consideration here. *See Su v. El Toro Loco Legends, LLC*, No. 23-cv-2115 (JAR/RES), 2023 WL 12174833, at *2 (D. Kan. April 25, 2023) (denying Secretary of Labor's motion for service by Marshal Service when she had only attempted to secure executed waivers of service and had not attempted to serve defendant). She, like any other civil litigant, must navigate the difficulties of finding the parties she intends to sue and giving them notice of this action. For these reasons, the Court denies the Motion.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings here, **IT IS HEREBY ORDERED** that Plaintiff's *Motion for an Order Requiring the United States Marshals Service to Effect Service of Summons, Complaint, and Notice of Appearance Upon Defendants* (ECF No. 5) is **DENIED**.

Dated: March 11, 2026

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge

---

*forma pauperis* or as a seaman. Neither of those situations apply here.